UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BIG E TRAILERS, INC.,

    Plaintiff,

v.                                            Case No.  6:14-cv-1528-Orl-31TBS

THE OHIO ANDERSONS, INC., a/k/a THE
ANDERSONS, INC.,

    Defendant.
_____/

ORDER

    Plaintiff Big E Trailers, Inc. is suing Defendant The Ohio Andersons, Inc., a/k/a The Andersons, Inc. for breach of a written contract, and Defendant is counterclaiming for breach of the same contract.  (Docs. 2, 4).  The case is before the Court on Plaintiff's motion to strike eight of Defendant's twelve affirmative defenses on the ground that they are insufficient as a matter of law.  (Id.).    (Doc. 14).

    Affirmative defenses admit the averments in a party's complaint but avoid liability in whole or in part, based on new allegations showing excuse, justification or some other negating matter.  Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284-CIV, 2008 WL 4179861, at * 1 (S.D. Fla. Sept. 9, 2008).  They are subject to the general pleading requirements of FED. R. CIV. P. 8 which provides: "[A] party must affirmatively state any avoidance or affirmative defense."  FED. R. CIV. P. 8(c).  A defendant does not have to aver detailed facts but must provide "fair notice" of each defense and "the grounds upon which it rests."  Drzik v. Haskell Co., 3:11-cv-379-J-

32MCR, 2011 WL 2981565, at * 1 (M.D. Fla. July 22, 2011); Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. Nov. 3, 2010);.

"There are no hard and fast rules for determining what constitutes an insufficient defense." Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).  Still, if a defense is patently frivolous, or clearly invalid as a matter of law, it will be deemed insufficient and may be stricken.  Id.; Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683-84 (M.D. Fla. 2002).  Courts generally do not exercise their broad discretion to strike pleadings unless "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Florida Software, 1999 WL 781812, at *1.

Defendant's first affirmative defense: "... alleges and asserts that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted."  This is not an affirmative defense since all it does is point to an alleged, unidentified defect in Plaintiff's claim.  See, e.g., In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988) ("A defense which points out a defect in plaintiff's prima facie case is not an affirmative defense."); Rosada v. John Wieland Homes and Neighborhoods, Inc., No. 3:09-cv-653-J-20MCR, 2010 WL 1249841, at *2 (M.D. Fla. Mar. 25, 2010) (explaining that an affirmative defense stating that complaint fails to state of cause of action is not an affirmative defense).  Courts sometimes construe a defense of failure to state a claim as a denial and permit it to stand.  Burnett v. Hawthorne, No. 3:09-cv-1096-J-12HTS, 2010 WL 337342 at *2 (M.D. Fla. Jan. 22, 2010).  But, Defendant has

not alleged the defect(s) in the complaint or what is being denied.  Accordingly, the Court STRIKES Defendant's first affirmative defense.

Defendant's second affirmative defense: "... alleges and asserts that no cause of action for breach of contract exists because Defendant fully performed its obligations under the terms of the Agreement."  This averment is also not a true affirmative defense.  But, it does tell the reader what Defendant is denying.  Accordingly, Plaintiff's motion to strike Defendant's second affirmative defense is DENIED.  The Court construes Defendant's second affirmative defense as a denial of the breaches alleged in Plaintiff's complaint.

Defendant's third affirmative defense alleges: "Without conceding that Defendant breached any valid contract between the parties, Defendant affirmatively alleges and asserts that Plaintiff was the first party to breach the Agreement between the parties by failing to perform the services required under the Agreement, and that due to Plaintiff's prior breach, Defendant was entitled to stop performing under the Agreement."  Plaintiff argues that this defense should be stricken because it does not allege a factual basis for the claim that Plaintiff committed a prior breach of the contract.  The motion to strike the third affirmative defense is DENIED.  This defense gives Plaintiff fair notice of what is alleged, particularly when read in conjunction with Defendant's counterclaim.

Defendant's fourth affirmative defense alleges: "Without conceding that Defendant breached any valid contract between the parties, Defendant affirmatively alleges and asserts that Plaintiff's prior breach of the Agreement constituted a

material breach which discharged Defendant of its obligations under the Agreement." The parties arguments and the Court's ruling on this defense are the same as the second affirmative defense. The motion to strike Defendant's fourth affirmative is DENIED.

Defendant's fifth affirmative defense: "... alleges and asserts that Plaintiff is barred, estopped, or has waived its right to bring a claim for breach of contract as alleged in the Complaint because Plaintiff's prior breach of the Agreement frustrated and excused Defendant's subsequent performance." Plaintiff argues that this defense is legally insufficient and should be stricken because it fails to allege the essential elements of estoppel and waiver, and fails to allege facts to support those elements. Defendant argues that the defense is legally sufficient because it gives Plaintiff adequate notice of the defense. Burnett, 2010 WL 337342, at *2. The Court finds that this defense, particularly in light of the counterclaim, is sufficient. Accordingly, Plaintiff's motion to strike Defendant's fifth affirmative defense is DENIED.

Defendant's sixth affirmative defense: "... alleges and asserts that Plaintiff's claims are barred for its failure to perform all conditions precedent prior to bringing this action." Plaintiff cites Torres v. TPUSA, Inc., No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) for the proposition that the denial of conditions precedent must be done with particularity. The Torres decision relies on FED. R. CIV. P. 9(c) which is not applicable because Defendant is not alleging fraud. However, like Defendant's first affirmative defense, this averment merely points to alleged, unidentified defect(s) in Plaintiff's claim. Accordingly, the Court STRIKES Defendant's

-4-

sixth affirmative defense.

Defendant's eighth affirmative defense: "... alleges and asserts that some or all of the damages or losses alleged in the Complaint were caused, if at all, by Plaintiff's own actions and conduct.  Therefore, any recovery against Defendant, if any, must be reduced by the amount of such damage and loss caused by Plaintiff."  Plaintiff argues that this defense should be stricken because it does not tell the reader how Plaintiff caused its own damages or what Defendant proposes to prove by way of this defense. The Court finds that this defense sufficiently informs Plaintiff of the defense being alleged so that the facts can be developed in discovery.  Accordingly, Plaintiff's motion to strike Defendant's eighth affirmative defense is DENIED.

Defendant's ninth affirmative defense: "... alleges and asserts that Plaintiff's claims are barred by the doctrine of unclean hands and it would be inequitable to award Plaintiff compensation."  The arguments made concerning Defendant's fifth affirmative defense also apply to this defense and the Court's ruling is the same. Plaintiff's motion to strike Defendant's ninth affirmative defense is DENIED.

DONE AND ORDERED in Orlando, Florida, on November 21, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-5-